Parker *v.* Wulstein.

---

R. Wayne Parker et al.

*v.*

Henry Wulstein et al.

A lessee covenanted "that all improvements of the building shall belong to the landlord at the expiration of the term," and put up shelves which, besides being nailed to boards or cleats which were nailed to the wall, rested on counters which were not in any way fastened to the wall or floor; and put in a

Parker *v.* Wulstein.

furnace, with hot-air flues extending to holes cut in the floor, for the purpose of heating the store-room which he occupied with his goods; he put up large awnings over the front windows.—*Held*, that these were all improvements, and embraced in the covenant referred to, and passed to the landlord, who is entitled to an injunction preventing their removal by the assignee of the lessee.

On bill for injunction.

*Mr. R. Wayne Parker*, for the complainants.

*Mr. Edward Q. Keasbey*, for the defendants.

BIRD, V. C.

The defendant Bergerow accepted the lease from the complainants of a certain store property. There was a stipulation in the lease, " that all improvements of the building shall belong to the landlord at the expiration of the term." During the term there were shelves put up, which rested on a base counter and attached to narrow boards or cleats which were attached by nails to the side-wall. These shelves and counter were used by the tenant for storing and displaying his goods. He also placed in the basement a furnace, from which he carried two flues to holes or registers cut in the flooring above, for the purpose of heating the store-room properly. This furnace and these flues can be removed, leaving nothing to show they had been used except the holes made in the floor and the registers therein inserted. There are strong iron hooks attached to either side of the front windows for the purpose of holding awnings, by means of which the strong light can be shut out from the windows. The lessee procured iron frames and the ordinary material for the awnings and attached the awnings when completed to the said hooks.

The lessee assigned his interest in the lease to the defendant Wulstein. The complainant consented to the assignment, but expressly held Bergerow to his obligations under the lease for the payment of the rent. At the close of the term Wulstein advertised and offered for sale the said shelves, furnace and awnings, together with other articles, and sold them. But before they were removed an injunction was obtained and interposed.

Parker *v.* Wulstein.

Wulstein insisted that none of the articles mentioned can·· properly be regarded as an improvement to the building. I think a little reflection will satisfy every candid inquirer that the complainant is entitled to what he prays for in this respect.. The word "improvement" may be said to comprehend everything that tends to add to the value or convenience of a building or a place of business, whether it be· a store, manufacturing establishment, warehouse or farming premises. It certainly includes repairs of every description. It necessarily includes much more than the term "fixtures." Indeed, so far as I am able to understand, it is difficult to conceive any additions made to a building by a tenant for his own convenience in the conduct of the business which may not properly be included in the term· "improvements."

As to the shelves and the counters upon which they rest, I think. there can be no doubt but that the complainant is in the right. They are substantially nailed to the walls of the building, but not so substantially nailed to the walls as to ·carry or hold the· goods to be placed thereon without the support of the counters· upon which they rest. This fact makes the counters an essential part of the shelves, and therefore a part of the improvement,. although not attached to the side-walls or flooring by nails or any other device. The principle which applied to the counter just spoken of is equally applicable to the furnace. The furnace· and the flues may be removed, but, in my judgment, the fact that. the article so connected to the building and applied to such use· may be removed, is not the criterion. I am aware that this may· determine whether the article that may be removed is a fixture· or not. But clearly many things may be considered improve-· ments to the premises which could not be held to be fixtures. The furnace could only be made useful by cutting holes in the· flooring above and inserting registers. No one would pretend but that this alteration of this building to this extent and for· the purpose of heating the building, was an improvement. It· added to the comfort and convenience of the occupant in the· same manner, if not to the same extent, that the shelves spoken. of did. To remove the heater and the flues would render the.:

holes in the floor not only useless but disadvantageous, if not dangerous.

The same reasoning may be in all respects applied to the awnings. The fact that these large frames and the awnings which they supported can be detached by lifting them out of the hooks, cannot in any sense change their true character. Wulstein might have improved the property, as a place of business, by putting in new doors, and, had he done so, no one would insist that he could lift the doors from their hinges and remove them. Suppose that he had found the windows old-fashioned or not suited to his taste, and he had removed them and put in their stead large windows at considerable expense, and so constructed them that they could be taken out without in any manner injuring or disfiguring the rest of the structure; certainly it would not be urged that by so doing he would not violate the terms of the lease. Suppose, again, that instead of employing awnings to control the light he had hung to his windows shutters or blinds, which could as easily be removed as awnings; in such case, saying nothing about the law of fixtures, the covenants in this lease would extend to and include such blinds or shutters. To remove the windows, which I have referred to by way of illustration, would evidently not only be a breach of the covenant, but would amount to waste. The same may most plainly be said of the removal of the furnace and flues, leaving large holes in the floor. To supply the windows and to close the holes in the floor would put the landlord to no small expense, which certainly is not contemplated by any of the terms of the lease. These views seem to be fully sustained by the case of *French* v. *The Mayor &c. of New York, 16 How. Pr. 220.*

I will advise that the injunction be made perpetual, with costs.